**FILED**

**OCT 28 2020**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS KEVIN JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-02305 (UNA) |
| | ) |
| DEVENS FEDERAL MEDICAL | ) |
| CENTER MASSACHUSETTS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application for leave to proceed *in forma pauperis*, Dkt. 2, and *pro se* complaint, Dkt. 1. The court will grant the *in forma pauperis* application and dismiss the case for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, an inmate currently in custody with the Maryland Department of Safety and Corrections, initiated this matter on August 18, 2020. *See generally*, Compl. On September 29, 2020, the court issued an order advising plaintiff that federal law requires a prisoner filing a civil action to pay the statutory filing fee of $350.00 and that in order for the court to consider his IFP application, he was required to provide the court with a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six month period immediately preceding the filing of this complaint. Ord., Dkt. 4, at 1–2 (citing 28 U.S.C. § 1915(a)(2)). Plaintiff was ordered to file this information within 30 days. *Id.* at 2.

Plaintiff has now filed a response to that order, Dkt. 5, and though he has not provided a copy of his supporting ledger sheets, he has filed an affidavit attesting that he has never received any deposits in his trust account, *id.* at 1–2. Based on a review of the attestations, the court takes

plaintiff at his word, and it may now turn to initially review the complaint. *See* 28 U.S.C. §§ 1915, 1915A.

Plaintiff sues the Devens Federal Medical Center, located in Massachusetts, and the "Federal Correctional Institution, Massachusetts," which also appears to be part of the same correctional complex. *See* Compl. at 1. He seeks compensatory damages based on generalized allegations of constitutional violations. *See id.* at 6–7. More specifically, he takes issue with criminal proceedings instituted against him in the United States District Court for the District of Maryland. *See id.* at 2–7. He challenges various judicial determinations, seemingly alleging that the prosecution violated principles of double jeopardy. *See id.* at 2. He is also aggrieved regarding actions taken regarding his competency to stand trial and further alleges that the presiding judge and witnesses falsified evidence and testimony. *See id.* at 2–6.

A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 381–82 (2003). Such a claim must be addressed to the sentencing court. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, plaintiff has no recourse here.

Similarly, to the extent that plaintiff seeks review of the propriety of the judgments issued by the United States District Court for the District of Maryland, this court lacks such jurisdiction.

*See* 28 U.S.C. §§ 1331, 1332 (scope of jurisdiction for all district courts); *Cobb v. United States*, 104 F. Supp. 3d 61, 65 (D.D.C. 2015); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) ("[A]s a district court is a trial level court in the federal judicial system[,] [i]t generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citations omitted).

For these reasons, the court grants plaintiff's application for leave to proceed *in forma pauperis* and dismisses the complaint without prejudice. An order accompanies this memorandum opinion.

*/s/ Dabney L. Friedrich*

_____

DABNEY L. FRIEDRICH

United States District Judge

DATE: October 28, 2020